**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1489
_____

CYNTHIA J. ROWE,
                                        Appellant

v.

PENNY J. ROBERTS;
JASON HUNTER;
ATTORNEY WILLIAM CARROLL;
FAYE COLE, Penny's Sister.

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 3-18-cv-00250)
District Judge: Honorable Stephanie L. Haines

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on March 25, 2022

Before: KRAUSE, BIBAS, and SCIRICA, Circuit Judges

(Opinion filed: March 30, 2022)

_____

OPINION*

PER CURIAM

Cynthia Rowe appeals pro se from the District Court's order dismissing her complaint for lack of subject matter jurisdiction. For the reasons that follow, we will affirm that judgment.

I.

Rowe, who appears to be domiciled in Florida, filed a pro se diversity action in the District Court pursuant to 28 U.S.C. § 1332. Her complaint named four defendants, all of whom appear to be domiciled in Pennsylvania. The defendants subsequently moved to dismiss the complaint, arguing, inter alia, that Rowe had failed to satisfy the amount-in-controversy requirement. See 28 U.S.C. § 1332(a) (providing that a federal district court has subject matter jurisdiction under this section if, inter alia, the amount in controversy exceeds $75,000, exclusive of interest and costs). On February 3, 2021, the District Court granted those motions, dismissed Rowe's complaint for lack of subject matter jurisdiction based on her failure to satisfy the amount-in-controversy requirement, and directed the District Court Clerk to close the case.[1] This appeal followed.[2]

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The District Court's dismissal was without prejudice to Rowe's ability to pursue her claims in the appropriate state court.

[2] Because the District Court's February 3, 2021 order did not comply with Federal Rule of Civil Procedure 58(a)'s separate-document requirement, see LeBoon v. Lancaster Jewish

II.

As indicated above, the District Court's decision to dismiss Rowe's complaint for lack of subject matter jurisdiction turned on that court's determination that she had failed to satisfy the amount-in-controversy requirement. However, as the Appellees point out, Rowe's opening appellate brief does not challenge that determination.[3] Instead, that brief discusses various issues relating to the merits of her claims—issues that the District Court did not reach.

As we have previously explained, "arguments not developed in an appellant's opening brief are forfeited." In re LTC Holdings, Inc., 10 F.4th 177, 181 n.1 (3d Cir. 2021) (citing In re Wettach, 811 F.3d 99, 115 (3d Cir. 2016)); see also Emerson v. Thiel Coll., 296 F.3d 184, 190 n.5 (3d Cir. 2002) (per curiam) (applying this rule to a pro se appeal). Because Rowe's opening brief has failed to develop any argument related to the basis on which the

---

Cmty. Ctr. Ass'n, 503 F.3d 217, 224 (3d Cir. 2007) (stating that, to meet this requirement, the order in question must, inter alia, "omit (or at least substantially omit) the [district] court's reasons for disposing of the claims"), the time to appeal from that order did not expire until August 2021, see Fed. R. Civ. P. 58(c)(2)(B); Fed. R. App. P. 4(a)(1)(A). Rowe filed her notice of appeal well before that deadline. Accordingly, this appeal is timely, and we have jurisdiction over it pursuant to 28 U.S.C. § 1291.

[3] In a footnote, the District Court's dismissal order noted that Rowe's complaint "in no way stated a federal question claim" under 28 U.S.C. § 1331]. (Dist. Ct. Mem. Order entered Feb. 3, 2021, at 2 n.1.) Rowe's opening appellate brief does not challenge that determination either.

District Court dismissed her complaint, we deem any challenge to that dismissal forfeited,[4] and thus we will affirm the District Court's judgment.[5]

---

[4] Although we may entertain forfeited arguments in "truly exceptional circumstances," Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 147 (3d Cir. 2017) (internal quotation marks omitted), those circumstances are not present here, see id. (explaining that "[s]uch circumstances have been recognized when the public interest requires that the issue[s] be heard or when a manifest injustice would result from the failure to consider the new issue[s]" (alterations in original) (internal quotation marks omitted)).

[5] In light of this disposition, we need not reach the argument, made by Appellees Carroll and Hunter, that Rowe has withdrawn all claims against them.